Interest thus being a part of the compensation to be paid for the property taken for opening the street, which the city was required to pay under section 1003, p. 361, of the charter of 1897, such interest was money paid by the city which was directed to be assessed equally and proportionately upon the lands and premises benefited by the improvement. We think, therefore, that the commissioners were justified in including in the assessment imposed for benefit the amount paid to the owners, including the interest.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.

---

### In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

Appeal from Special Term, New York County.

Application of the city of New York to acquire title to Rockwood street, and property owners appeal from an order confirming the report of the commissioners of estimate and assessment. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

John C. Shaw, for appellants.
John P. Dunn, for respondents.

INGRAHAM, J. The question presented on this appeal is determined by the decision in Matter of 178th Street (decided herewith) 94 N. Y. Supp. 838. The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.

---

### PEOPLE v. REGAN.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

HOMICIDE—SELF-DEFENSE—DEFENSE OF ANOTHER.
    Evidence that defendant, while accompanying his sister, engaged in an altercation with deceased, who was hostile towards defendant's sister, during which he wrested a pistol from deceased, and, some time after this altercation had ceased, shot deceased while neither defendant nor his sister were in a perilous situation from which they could not have escaped, but after deceased had thrown some stones at defendant, was insufficient to present the defense of justifiable homicide, under Pen. Code, § 205, declaring homicide justifiable when committed in the lawful defense of the slayer or of another, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or the other, and there is imminent danger of such design being accomplished.

Appeal from Trial Term, New York County.

Martin Regan was convicted of murder in the second degree, and appeals. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.